*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEREMY NIELSON,

Plaintiff-Appellant,

v

KATIE E. SAVINO and JONATHON SAVINO,

Defendants-Appellees.

UNPUBLISHED
December 18, 2025
9:03 AM

No. 372542
Oakland Circuit Court
LC No. 24-205941-CH

Before: RIORDAN, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Plaintiff, Jeremy Nielson, appeals by right the trial court's order granting summary disposition in favor of defendants, Katie and Jonathon Savino. We reverse and remand.

## I. BACKGROUND

Plaintiff and defendants are homeowners in the Park Woods subdivision in Lyon Township, Michigan; plaintiff moved into the subdivision in 2015, and defendants in 2017. All homes in the subdivision are subject to deed restrictions as described in the subdivision's Declaration of Covenants, Conditions and Restrictions (CCRs). In October 2017, defendants requested approval from the board of the Park Woods Homeowners Association (HOA board) to build a fence on their property. The parties agree that the HOA board approved the construction of a fence, and defendants built a fence in November 2017. The parties dispute, however, what exactly the HOA board approved and whether the fence as built complies with that approval and with the CCRs. According to plaintiff, defendants submitted a fence plan for approval on October 11, 2017, which the HOA board approved subject to certain conditions, including the requirements of the CCRs; the fence as built, however, both differs materially from the approved plan and does not comply with the requirements of the CCRs. According to defendants, they received approval to build the fence on October 11, 2017, and then had a conversation with a member of the HOA board about making certain adjustments to the fence plan to avoid any property-line issues; defendants thereafter submitted an altered proposal and—hearing no objections—built the fence accordingly, relying on their understanding that they had approval to do so.

-1-

Approximately six-and-a-half years later, plaintiff filed the instant complaint alleging that defendants' fence was in breach of the CCRs and requesting that the court make a determination to that effect and compel defendants to remove their fence. In lieu of filing an answer to the complaint, defendants moved for summary disposition. Defendants argued that the CCRs should not be construed to prohibit the fence given how vague and ambiguous they were, and that plaintiff's claim was barred by the affirmative defenses of equitable estoppel and waiver in light of the HOA board's approval of the fence, which plaintiff had failed to oppose at the time it was provided. Defendants also requested sanctions against plaintiff.

Plaintiff responded to the motion for summary disposition by arguing that the CCRs were sufficiently clear and defendants' fence plainly violated their requirements, and that any prior approval of the fence by the HOA board did not impact his independent right to seek enforcement of the CCRs as a homeowner in the subdivision. In support of that right, plaintiff pointed to Section 11.03 of the CCRs, which provided:

> Enforcement. Developer, the Association and any Owner shall have the right to enforce, by proceedings at law or in equity, all covenants, conditions, restrictions, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration. Failure by Developer, the Association or any Owner to enforce any covenants or restrictions herein contained shall in no event be deemed a waiver thereof of [sic] a waiver or any right to enforce the same at any time thereafter.

Plaintiff maintained that defendants' waiver defense failed in light of this antiwaiver provision in the CCRs, and that their estoppel defense failed because he was not a member of the HOA board at the time any approval of the fence was given, he had no involvement in that approval or actual or constructive knowledge of it at the time, and it would have been unreasonable and unjustifiable for defendants to rely on his silence regarding that approval in deciding to build their fence.

Defendants thereafter filed a reply brief in support of their motion, stressing that plaintiff had submitted no admissible evidence that the fence as built was not approved by the HOA board, that plaintiff should have opposed the fence at the time it was up for approval if he really was concerned about it, and that plaintiff himself had at times said that the CCRs were vague, ambiguous, and confusing.

The trial court dispensed with oral argument under MCR 2.119(E)(3) and decided the motion for summary disposition on the briefing, granting it in favor of defendants. First, the trial court sua sponte raised the doctrine of laches and concluded that it barred plaintiff's claim, explaining that plaintiff had "not indicated what prevented him from seeking to enforce the CCRs right after the fence was built" and that "the delay in seeking to enforce the CCRs would prejudice [d]efendants." Second, the trial court observed that a motion for summary disposition is properly granted if the opposing party fails to produce documentary evidence establishing the existence of a genuine issue of material fact, and plaintiff had "fail[ed] to provide any survey suggesting the current fence does not comply with the fence plans [d]efendants submitted alongside their request [for approval] and which were approved by the HOA in October 2017." Finally, the court "acknowledge[d] the HOA approved a fence in 2017 which may not have complied with applicable CCRs" and so, if defendants were to "attempt to alter or remove the current fence, or the current

fence is destroyed, [they] must seek new approval for a new fence that complies with the applicable CCRs." The trial court denied defendants' motion for sanctions. This appeal followed.

## II. STANDARDS OF REVIEW

Defendants brought their motion for summary disposition under MCR 2.116(C)(8) and (C)(10).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-60; 934 NW2d 665 (2019) (citations omitted).]

MCR 2.116(C)(10) tests the factual sufficiency of the complaint. "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Id*. If the movant meets this initial burden, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*.

In its ruling, the trial court did not expressly state under which subrule(s) it was granting defendants' motion for summary disposition. Given, however, the court's reference to record evidence beyond the complaint and its finding that plaintiff failed to create a genuine issue of material fact, it is apparent that the court decided the motion under MCR 2.116(C)(10).

## III. LACHES

Plaintiff first argues that the trial court erred by granting defendants' motion for summary disposition on the basis of laches. We agree.

To start, plaintiff correctly observes that defendants did not raise laches as an affirmative defense or move for summary disposition on that basis.[1] Generally, the failure to raise an affirmative defense constitutes a waiver of that defense. See *Rowry v Univ of Michigan*, 441 Mich

---

[1] Correspondingly, and understandably, plaintiff did not address this defense in response to defendants' motion. And because the trial court dispensed with oral argument and decided the motion on the parties' briefing, plaintiff had no other opportunity to address the defense before the court raised it sua sponte and decided it against him. See generally *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009) (discussing the due-process considerations that attend a sua sponte grant of summary disposition).

1, 12; 490 NW2d 305 (1992) ("In failing to raise laches in its responsive pleadings or by motion, the defendant has waived this affirmative defense."). Defendants seek to avoid that consequence on appeal by stressing that they raised equitable estoppel as an affirmative defense; they suggest that equitable estoppel is sufficiently similar to laches that, by arguing in favor of the latter defense now, they are merely offering a "more sophisticated or fully developed argument on appeal than was made in the trial court." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020). Defendants, however, offer no support for their suggested equivalence between the two defenses. Indeed, equitable estoppel and laches are distinct affirmative defenses with distinct elements,[2] and we fail to see how, in this case, defendants' assertion of the former defense would somehow excuse their failure to assert—and thus their waiver of—the latter.

Even setting aside defendants' waiver of the defense of laches, we agree with plaintiff that the trial court erred in its merits assessment of that defense. As this Court has explained,

> Laches is an equitable tool used to provide a remedy for the inconvenience resulting from the plaintiff's delay in asserting a legal right that was practicable to assert. As such, when considering whether a plaintiff is chargeable with laches, we must afford attention to prejudice occasioned by the delay. It is the prejudice occasioned by the delay that justifies the application of laches. [*Knight v Northpointe Bank*, 300 Mich App 109, 115; 832 NW2d 439 (2013) (citations and quotation marks omitted).]

Accordingly, it is well settled "that mere delay in attempting to enforce a right does not constitute laches, but that it must further appear that the delay resulted in prejudice to the party claiming laches of such character as to render it inequitable to enforce the right." *Dunn v Minnema*, 323 Mich 687, 696; 36 NW2d 182 (1949); see, e.g., *Knight*, 300 Mich App at 115 (citing this proposition approvingly).

In granting defendants' motion for summary disposition, the trial court made only a conclusory ruling that "the delay in seeking to enforce the CCRs would prejudice [d]efendants." The court offered no findings or explanation in support of that conclusion. Nor does the record reveal any grounds for granting summary disposition to defendants on that basis. The only prejudice that defendants have claimed, both below and on appeal, are the costs that they incurred in building the fence and would incur by having to remove it. At no point, however, have defendants shown that such costs are the result of plaintiff's delay in not bringing his challenge

---

[2] Compare *New Products Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614, 627; 953 NW2d 476 (2019) ("Equitable estoppel occurs when (1) a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts.") (citation and quotation marks omitted), with *Knight v Northpointe Bank*, 300 Mich App 109, 115; 832 NW2d 439 (2013) (explaining that laches requires both that the plaintiff delayed in asserting a legal right that was practicable to assert and that the delay resulted in prejudice to the party claiming laches of such character as to render it inequitable to enforce the right).

sooner. See *Knight*, 300 Mich App at 115. Defendants' only argument to that effect is that they would have avoided any such costs had plaintiff challenged the fence before it was built. That same prejudice, however, would have existed had plaintiff brought his suit immediately after completion of the fence. Defendants offer nothing to suggest that laches would have somehow barred plaintiff from suing even then, or that they suffered any additional prejudice from the fact that he instead sued approximately six-and-a-half years later.

Accordingly, the trial court erred by granting summary disposition on this basis.[3]

## IV. GENUINE ISSUE OF MATERIAL FACT

Plaintiff next argues that the trial court erred by granting summary disposition on the basis of his failure to provide certain documentary evidence to establish the existence of a genuine issue of material fact. Here too, we agree.

As a secondary basis for granting defendants' motion, the trial court found that plaintiff's response to the motion failed to provide "any survey suggesting the current fence does not comply with the fence plans [defendants] submitted alongside their request . . . ." As plaintiff points out, however, there is no dispute that discovery was still ongoing at the time of defendants' motion. And furthermore, it is not apparent why plaintiff would have needed to produce the evidence identified by the court to successfully oppose defendants' motion.

In granting summary disposition, the trial court cited *Quinto*, 451 Mich at 363, for the proposition that, "[i]f the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." (Citation omitted.) That opposing burden, however, is subsequent—and in response—to the moving party carrying its

---

[3] The trial court did not address whether defendants were entitled to summary disposition on the basis of the affirmative defenses that they *did* assert in their motion for summary disposition: equitable estoppel and waiver. Nor, on appeal, have defendants attempted to argue for affirmance on those alternative grounds. See *Centria Home Rehab, LLC v Philadelphia Indem Ins Co*, 345 Mich App 649, 669 n 4; 9 NW3d 104 (2023). Any such argument has thus been abandoned. See, e.g., *Greater Bethesda Healing Springs Ministry v Evangel Builders & Const Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009). We note, however, that plaintiff's arguments in opposition to those defenses strike us as persuasive. As plaintiff argued below, both the equitable estoppel and waiver defenses are premised on defendants' contention that the HOA board approved the fence as built. But the HOA board is not the plaintiff in this action, and there is no apparent dispute that plaintiff was not a member of the board at the time of the approval in question and was not involved in that approval. There is also no dispute that plaintiff is a property owner in the Park Woods subdivision—and as plaintiff has explained, Section 11.03 of the CCRs both imbues property owners with an independent right to pursue enforcement of the CCRs, and expressly states that such right is not waived by any prior failure to enforce. Neither below nor on appeal have defendants meaningfully explained how their waiver defense against plaintiff might succeed in light of this provision in the CCRs, or how defendants might have been induced to build their fence in justifiable reliance on the fact that plaintiff himself did not affirmatively object to it at the time of its approval. See *New Products Corp*, 331 Mich App at 627.

"initial burden" to articulate and support the grounds on which it is entitled to judgment as a matter of law. *Id.* at 362. In this case, defendants moved for summary disposition on the basis that (1) the CCRs were vague and ambiguous, and so they should not be construed to prohibit defendants' fence; and (2) the defenses of equitable estoppel and waiver precluded plaintiff's challenge to the fence in light of the HOA board's approval of it.

In response, plaintiff argued that (1) the CCRs, and the fence's noncompliance with them, were clear; and (2) any approval of the fence that was given by the HOA board did not result in the waiver or equitable estoppel of plaintiff's own ability to challenge the fence's compliance with the CCRs, which Section 11.03 of the CCRs expressly preserved for him. Plaintiff offered factual and legal support for these positions. And indeed, as the trial court "acknowledge[d]" at the end of its ruling, the record reflects, at minimum, a genuine factual dispute over whether defendants' fence, as built, complies with the terms of the CCRs. While plaintiff also strongly disputes whether the fence as built is consistent with any valid approval of the HOA board, plaintiff's opposition to defendants' motion did not ultimately depend on that point; instead, plaintiff maintained that the fence violated the CCRs and he could sue for that violation regardless of whether the board approved the fence as defendants claimed. Neither the trial court nor defendants have meaningfully explained—and we do not see—why plaintiff would have had to produce evidence regarding the fence's consistency with board approval to effectively oppose the arguments for summary disposition that defendants advanced in their motion.

Finally, defendants argue on appeal that plaintiff's position must fail as a matter of law, and no further discovery could possibly salvage it, because plaintiff has admitted that the HOA board approved the fence. We see no merit in this argument. As the record makes clear, plaintiff does not dispute that the HOA board approved the fence on October 11, 2017. Plaintiff does dispute, however, whether the fence, as built, complies with the terms of that approval or with the CCRs, and also disputes that any subsequent, different approval that defendants may have received was valid or sufficient to render the fence compliant with the CCRs. And as noted, plaintiff maintains that, under the express terms of the CCRs, his ability to challenge the fence's compliance with the CCRs is not foreclosed by any such board approval. Accordingly, we fail to see how plaintiff's admission regarding HOA board approval would be enough in itself to entitle defendants to judgment as a matter of law or to justify the trial court's award of summary disposition in their favor.[4]

---

[4] In a perhaps similar vein, the trial court observed, at one point in its ruling, that "[p]laintiff has not produced any authority suggesting the [d]efendants were not entitled to rely on [the HOA board's] approval." It is unclear exactly how the court intended this observation to fit into its analysis, but as discussed, plaintiff did, in fact, identify authority—most notably, Section 11.03 of the CCRs—to support his position that, even if defendants obtained and relied on board approval in building their fence, that did not foreclose his ability to challenge the fence and seek enforcement of the CCRs with respect to it. The trial court did not acknowledge or address that argument and its supporting authority, and as noted above, we see merit in it.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani